**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2095**

JACOB PHILLIPS,

Plaintiff - Appellant,

v.

NEW MILLENNIUM BUILDING SYSTEMS, LLC,

Defendant - Appellee,

and

JOHN W. HANCOCK, JR., LLC; STEEL DYNAMICS, INC.; NEW MILLENNIUM BUILDING SYSTEMS; MICHAEL RADER,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:18-cv-00515-EKD)

Submitted: April 29, 2022                    Decided: June 17, 2022

Before DIAZ, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Melvin E. Williams, Meghan A. Strickler, MEL WILLIAMS PLC, Roanoke, Virginia, for Appellant. Agnis C. Chakravorty, Frank K. Friedman, WOODS ROGERS,

PLC, Roanoke, Virginia; Anthony M. Stites, BARRETT MCNAGNY, LLP, Fort Wayne, Indiana, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacob Phillips filed a complaint pursuant to 29 U.S.C. § 2617, against his former employer, New Millennium Building Systems ("New Millennium"), alleging that New Millennium violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 26011-2654. On appeal, Phillips asserts that the district court erred in granting summary judgment to New Millennium because genuine disputes of material fact exist. We affirm.

"We review a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

Employees covered by the FMLA are "entitled to a total of 12 workweeks of leave during any 12-month period" for family and health-related matters and have a right "to be restored by the employer to the position of employment held by the employee when the leave commenced[,]" or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. §§ 2612(a)(1), 2614(a)(1). Claims of alleged violations of these prescriptive rights—known as "interference" or "entitlement" claims—arise under 29 U.S.C. § 2615(a)(1), which states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt

3

to exercise, any right provided under this title." In addition to these prescriptive rights and protections, the FMLA also contains proscriptive provisions that protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA. *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016); *see* 29 U.S.C. § 2615(a)(2), (b).

Phillips first argues that equitable estoppel precludes New Millennium's argument that he had exhausted his FMLA leave because The Hartford, a company retained by New Millennium to administer FMLA benefits, represented to Phillips that he had additional leave available. In an equitable estoppel claim under a federal statute, federal principles of equitable estoppel apply. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001). "The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Id.* "Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to [his] detriment." *Id.* We conclude that it was not reasonable for Phillips to rely on The Hartford's representation that he had additional FMLA leave available because Phillips was on notice that The Hartford's records were incomplete. Additionally, Phillips could not have detrimentally relied on The Hartford's representation because Phillips was physically unable to attend work on October 21, 2016 (the infraction for which he was terminated), regardless of the amount of leave he had remaining.

4

Phillips next argues that New Millennium interfered with the exercise of his FMLA rights by incorrectly telling him that he had exhausted his FMLA leave, failing to provide notice of his remaining FMLA leave pursuant to certain regulations, and by terminating him for using his FMLA leave. To establish an FMLA interference claim, the plaintiff must demonstrate that "(1) he [was] entitled to an FMLA benefit, (2) his employer interfered with the provision of that benefit, and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015). Phillips did not establish the elements of an interference claim under FMLA because he did not submit evidence establishing his entitlement to additional FMLA leave and, even accounting for rollover time, Phillips did not have enough FMLA leave to cover all of his absences.

As for New Millennium's compliance with certain regulations, violations of which can constitute interference with FMLA, *see* 29 C.F.R. § 825.300(e), Phillips asserts that New Millennium failed to comply with 29 C.F.R. § 825.300(d)(5), (6), which requires that if an employee exhausts his leave entitlement, the employer shall provide notice within five business days of a request for leave and requires that an employer notify an employee of his remaining leave upon request. He also contends that New Millennium failed to comply with 29 C.F.R. § 825.301(c), which requires that an employer resolve disputes over FMLA with the employee, and 29 C.F.R. § 825.500(c)(7), which requires that an employer keep records of disputes over FMLA leave designations. Our review of the record reveals that New Millennium substantially complied with these regulations.

Finally, Phillips argues that there were genuine issues of material fact with respect to his retaliation claim. Specifically, he argues that he engaged in a protected activity in

5

attempting to use FMLA leave because he was entitled to rely on The Hartford's representation that he had FMLA leave remaining and that New Millennium's reason for terminating him was pretextual. FMLA regulations provide that "employers are 'prohibited from discriminating against employees or prospective employees who have used FMLA leave' and that 'employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.'" *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294-95 (4th Cir. 2009) (quoting 29 C.F.R. § 825.220(c)). A claim of retaliatory discharge under the FMLA is analyzed under the same burden-shifting framework that applies to retaliatory discharge claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. *Sharif*, 841 F.3d at 203. An employee claiming retaliation must first make a prima facie showing that (1) he engaged in protected activity, (2) the employer took adverse action against him, and (3) the adverse action was causally connected to his protected activity. *Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 546, 551 (4th Cir. 2006). "Retaliation claims . . . require the employee to show that retaliation was a but-for cause of a challenged adverse employment action." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (internal quotation marks omitted). If a plaintiff "puts forth sufficient evidence to establish a prima facie case of retaliation" and the employer "offers a non-discriminatory explanation" for the adverse employment action, the plaintiff "bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." *Yashenko*, 446 F.3d at 551 (internal quotation marks omitted).

6

We conclude that Phillips has not established a prima facie case of retaliation because he has not shown that he engaged in a protected activity. Even if Phillips had established a prima facie retaliation claim, New Millennium provided a non-retaliatory reason for terminating him, namely, that he violated the company's leave policy. *See Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 304-05 (4th Cir. 2016) ("The FMLA does not prevent an employer from terminating an employee for poor performance, misconduct, or insubordinate behavior."). Phillips has not provided evidence to establish that New Millennium's reason for terminating him was pretextual. *See id.* at 305 ("A plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate non-discriminatory reasons for a discharge." (alteration and internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*